**IT IS ORDERED as set forth below:**

**Date: March 30, 2026**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | CASE NUMBER: |
| **PAMELA SHARAIL POWELL,** | **22-57011-SMS** |
| Debtor. | CHAPTER 7 |
| **MICHELE MCCAULEY** | |
| Plaintiff,<br>v. | ADVERSARY CASE NUMBER: |
| **PAMELA SHARAIL POWELL,** | **22-05166-SMS** |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION FOR**
**ATTORNEY'S FEES AND REQUIRING A BILL OF COSTS**

Michele McCauley pursued claims against Pamela Sharail Powell under a variety of state law based legal theories and sought a determination from this Court that such claims should be excepted from Powell's bankruptcy discharge. McCauley was ultimately unsuccessful in her efforts and Powell now seeks costs and attorney's fees for defending against McCauley's complaint. Because Powell has not shown cause to alter the general rule that parties bear their own

fees, the Court will deny Powell's Motion with respect to attorney's fees and allow Powell to file a bill of costs in compliance with the rules of civil and bankruptcy procedure.

## I.     BACKGROUND

The facts underlying this nondischargeability action evolve from Powell's employment and subsequent termination from McCauley's restaurant franchise. After she was terminated, Powell alleged retaliation and sued the franchise in federal court. In those proceedings, Powell attached the declaration of Jawanna Edwards (the "Declaration") as an exhibit. McCauley alleged that the Declaration contained defamatory statements about her and unsuccessfully sought sanctions against Powell in the retaliation suit. Powell ultimately lost the retaliation suit, but litigation between the parties continued. McCauley initiated a libel suit against Powell and Powell's counsel in state court in December 2021. While the libel suit was still pending, Powell filed a bankruptcy petition in September 2022. McCauley commenced this adversary proceeding in December 2022 seeking a judgment on her libel claim and asking that the resulting debt be determined nondischargeable (the "Complaint," Doc. 1). Given the pending state court complaint for McCauley's claim, the Court stayed this proceeding and allowed McCauley to pursue her libel suit in state court.

The state courts resolved McCauley's libel claim against Powell in Powell's favor in October 2023, rendering the Complaint in this proceeding moot. Powell sought summary judgment on the Complaint, asserting that McCauley could not maintain her libel claim and there was no debt to be held nondischargeable. In response, McCauley opposed summary judgment and sought leave to amend her Complaint to assert a racketeering claim as shown in her proposed amended complaint (the "Proposed Amended Complaint"). The Court denied McCauley's request to accept the Proposed Amended Complaint as futile for the reasons stated in the Court's *Order Denying*

*Plaintiff's Motion to Amend Complaint* (Doc. 41). When that order became final, Powell filed her

*Motion for Attorney's Fees and Costs* (the "Motion," Doc. 43), which is presently before the Court.

McCauley timely filed a response in opposition to the Motion (the "Objection," Doc. 44).

## II.    DISCUSSION

Under the American rule, parties bear their own fees and costs barring an exception such

as a statute or sanctionable Rule 11 conduct. "The generally accepted rule—referred to as the

'American Rule'—requires each party pay its own attorney's fees arising out of litigation." *See*

*Key Equip. Fin. v. Cyr (In re Cyr),* No. 19-05008-CAG, 2020 WL 3119068, at *2 (Bankr. W.D.

Tx. June 10, 2020) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247

(1975)). Notwithstanding the American rule, Powell asserts an award of costs is proper under Fed.

R. Bankr. P. ("Bankruptcy Rule") 7054(b) and Fed. R. Civil P. ("Federal Rule") 54(d), and that an

award of attorney's fees is proper under 28 U.S.C. § 1927 and 11 U.S.C. § 105. For the reasons

set forth below, Powell has not met the burden required under the rules and statutes to shift her

attorney's fees onto McCauley, and Powell's request for costs is procedurally deficient. The Court

will therefore deny the Motion as to attorney's fees and allow Powell to present a bill of costs as

required by the rules.

### A.  Costs Under Bankruptcy Rule 7054(b) and Rule 54(d)

First, Powell argues that under Bankruptcy Rule 7054(b) and Federal Rule 54(d) award of

costs are proper. Costs other than attorney's fees may be awarded "to the prevailing party." Fed.

R. Bankr. P. 7054(b). References in federal statutes or rules to "costs" generally refer to the costs

enumerated under 28 U.S.C. § 1920. *See Rimini St., Inc. v. Oracle USA, Inc.*, 587 U.S. 334, 339

(2019). "Once a bankruptcy court determines, in its discretion, to allow costs to a prevailing party

in an adversary proceeding or contested matter pursuant to Rule 7054(b), the appropriate statute

for determining which costs to award is 28 U.S.C. § 1920..." *In re Celotex Corp.*, 251 B.R 163, 169 (Bankr. M.D. Fla. 2000); *see also In re Amodeo*, No. 8:17-BK-07965-RCT, 2019 WL 10734046, at *4 (Bankr. M.D. Fla. July 30, 2019) (awarding costs under Rule 7054(b) and determining which costs were allowable, including deposition transcripts, utilizing § 1920").

There is a "strong presumption in favor of an award of costs to the prevailing party," and costs will likely be granted "absent an affirmative showing by the losing party that 'the costs [] fall outside the parameters of § 1920, were not reasonably necessary to the litigator, or that the losing party is unable to pay.'" *In re Yormack*, 632 B.R. 869, 873 (Bankr. M.D. Fla. 2021) (quoting *In re Amodeo*, 2019 WL 10734046, at *4 (quoting *In re O'Callaghan*, 304 B.R. 887, 889 (Bankr. M.D. Fla. 2003))).

Among the costs the Court may award are "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," and "[f]ees and disbursements for printing and witnesses." 28 U.S.C. § 1920. Powell seeks to recover costs of $915.97 for transcripts of depositions taken during this litigation of Powell and Adian Miller, Powell's legal counsel in the retaliation suit and codefendant/alleged coconspirator in McCauley's libel and racketeering claims. McCauley counters that Powell's request must be denied because (i) Powell did not attach supporting documentation to the Motion and presenting such documentation now would be untimely, and (ii) Powell can only be awarded costs for the transcript if she used it to win summary judgment. The Court agrees that Powell's documentation of costs is insufficient, but disagrees otherwise.

To support her argument that costs for the deposition transcripts should be denied, McCauley cites *United States EEOC v. W&O Inc.*, 213 F.3d 600 (11th Cir. 2000), and states that it "not[es] that an award of deposition costs would only be appropriate where the depositions were

actually used in connection with a motion for summary judgment." Response at 4. McCauley's summary of the case is incorrect. In *EEOC v. W&O*, the district court awarded costs to the prevailing party for depositions it took of the opposing party's named witnesses, and the opposing party appealed. The 11th Circuit separated the taxed depositions into three categories: (i) costs of depositions used at summary judgment or at trial, (ii) costs of depositions of witnesses that were not used at summary judgment or at trial and that the opposing party successfully moved to have excluded from trial, and (iii) costs of depositions of parties or parties in interest. *Id*. at 621-22. McCauley's reading would restrict awarding deposition costs to the first category, but the 11th Circuit affirmed an award of deposition costs for all three categories. Accordingly, this Court may award costs for deposition transcripts regardless of whether the prevailing party used the transcripts to win summary judgment.

Powell used the deposition transcript to defend against McCauley's attempt to amend her complaint. McCauley made the transcripts relevant to this proceeding by alleging a racketeering scheme between Powell and her counsel and referencing portions of Powell's deposition testimony in her Proposed Amended Complaint. Although Powell did not rely on the transcripts to obtain summary judgment, the standard is not whether a cost was necessary to ultimately prevail; the standard is whether the deposition costs were "wholly or partially necessarily obtained for *use* in the case." *EEOC v. W&O*, 213 F.3d at 620-21 (emphasis added). *See also In re Polasky*, No. 2:18-ap-594-FMD, 2021 WL 1317224, at *4 (Bankr. M.D. Fla. Apr. 8, 2021) (allowing costs for transcripts ordered with intent to defend against opposing party's claims); *Williams v. Ala. State Univ.*, No. 2:22-cv-48-ECM, 2025 WL 1170305 (M.D. Ala. Apr. 22, 2025) (looking to whether deposition costs appear reasonably necessary at the time incurred rather than whether used at trial). Powell has satisfied the Court that the deposition transcripts were necessarily obtained for use in

this case, but the Court is not prepared to award the cost to Powell at this time.

To be awarded costs, a prevailing party must present a bill of those costs. 28 U.S.C. § 1920 ("A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."). Powell attaches an affidavit to support the costs, but while an affidavit may establish necessity or the accuracy of a bill of costs, an affidavit alone is insufficient to establish appropriate costs to be awarded under § 1920. *See*, *e.g.*, *Flagstar Bank, FSB v. Hochstadt*, No. 08-80795-Civ, 2010 WL 1226112, at *7-8 (S.D. Fla. Mar. 4, 2010) (affidavit without supporting invoices insufficient to award costs).

McCauley argues that Powell had 14 days under Bankruptcy Rule 7054(b)(1) and Rule 54(d)(1) to file the required bill of costs. Rule 54(d)(1) is not applicable to this proceeding.[1] Bankruptcy Rule 7054, which does apply here, restricts court action on a party's request for costs until 14 days after the opposing party receives notice and, once costs are taxed, imposes a 7-day deadline on the opposing party to serve a motion in opposition. Fed. R. Bankr. P. 7054(b)(1) ("The clerk, on 14 days' notice, may tax costs, and the court, on motion served within the next 7 days, may review the clerk's action."). Bankruptcy Rule 7054 does not set a 14-day deadline to file a bill of costs, nor does 28 U.S.C. § 1920. The Court will therefore allow Powell an opportunity to file and serve on McCauley a bill of costs and will allow McCauley an opportunity to file any opposition.

### B.  28 U.S.C. § 1927

Next, Powell argues an award of attorney's fees is proper under 28 U.S.C § 1927, which states:

> Any attorney or other person admitted to conduct cases in any court

---

[1] *See* Fed. R. Bankr. P. 7054(b)(1) (making Rule 54(a)-(c) and (d)(2)(A)-(C) and (E) applicable to adversary proceedings, but not Rule 54(d)(1)).

of the United States … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Such consequences are meant "to deter frivolous litigation and abusive practices by litigants and to ensure that those who create unnecessary costs bear them." *Smartt v. First Union Nat'l Bank*, 245 F.Supp. 2d 1229, 1235 (M.D. Fla. 2003). "A sanctions award under 28 U.S.C. § 1927 requires a showing that the violating party acted in bad faith." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020). The Eleventh Circuit interprets the statute as imposing three requirements:

(1) The attorney must have engaged in unreasonable and vexatious conduct, which is conduct so egregious as to be tantamount to bad faith;

(2) the attorney's conduct must have multiplied the proceedings; and

(3) the sanctions awarded may not exceed the costs, expenses, and attorneys' fees reasonably incurred because of the conduct.

*Smith v. Strunk (In re Strunk),* No. 8:13-ap-224-KRM, 2016 WL 675819, at *4 (Bankr. M.D. Fla. Feb. 18, 2016) (citing *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1239-42 (11th Cir. 2006)).

Egregious, unreasonable and vexatious conduct tantamount to bad faith must be present. "Negligent conduct alone—that is, conduct that fails to meet the standard of conduct for a reasonable attorney—is not sufficient to find 'bad faith.'" *In re Strunk*, 2016 WL 675819, at *4-3. The offending party must "knowingly or recklessly pursue a frivolous claim." *Id.* "There is a 'longstanding rule that the provisions of § 1927, being penal in nature, must be strictly construed.' This is a 'high standard,' that requires a finding of 'particularly egregious' conduct." *In re Strunk,* 2016 WL 675819, at *5 (internal citations omitted).

Even the dismissal of a complaint, with prejudice, "is not equivalent to a finding that the claims were frivolous." *In re Strunk*, 2016 WL 675819, at *6. "As a factual matter, evidence that

may be insufficient to succeed at trial may still be sufficient…to warrant the filing of a compliant." *Id.* In *In re Strunk*, the court found that, movants "provide[ed] some factual support that might have supported a claim for relief" even if not enough to ultimately prevail on their claim. *Id.* Another example, *Bey v. Apple, Inc.*, demonstrates that sufficient conduct must be willful to warrant sanctions. In *Bey*, the defendant filed an eight-page reply brief instead of a five-page reply brief as required by local rules. No. 8:25-cv-1209-SDM, 2025 WL 3067265, at *2 (M.D. Fla. Sep. 29, 2025). Plaintiff asserted that filing a brief three pages in excess of the rules was tantamount to bad faith. *Id*. The *Bey* court found this argument fell short of meeting the burden of showing bad faith, noting that movant had simply cited the legal standards for sanctions but failed to tie these to the facts, and commenting that a few excess pages does not equate to bad faith conduct. *Id.* The courts in both *Bey* and *Strunk* determined that the record lacked evidence to support a bad faith or reckless intent to hinder or multiply the proceedings. *In re Strunk,* 2016 WL 675819, at *6; *Bey*, 2025 WL 3067265, at *2.

Here, while McCauley's complaint ultimately failed, there is no evidence that it was filed in bad faith or in knowing or reckless pursuit of a frivolous claim. Further, there is no evidence that McCauley multiplied these proceedings or acted in bad faith or in an egregious manner. The record consists of standard pleadings and motions, including the complaint, an opposition to a motion to dismiss, an opposition to summary judgment, and a motion to amend. Thus, in *this* proceeding, McCauley did nothing to expand the litigation other than filing the motion to amend her complaint once the primary claim in the initial complaint was dismissed, and such motion to amend was filed at the invitation of this Court.[2] The record is simply insufficient to conclude that

---

[2] This Court is not (and cannot) making any findings with respect to whether McCauley's pursuit of her claims against Powell in the underlying non-bankruptcy litigation was undertaken in bad faith or an egregious manner that would justify an award of fees or costs to Powell in connection with those proceedings.

McCauley multiplied these proceedings as contemplated by 28 U.S.C § 1927.

Having concluded that there were no "excess" proceedings, the Court need not analyze the third *Strunk* prong. Powell has failed to meet the requirements of § 1927 for an award of fees.

**C.     11 U.S.C. § 105**

Finally, Powell argues that an award of attorney's fees is proper, citing the court's inherent authority to "take any action necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Again, "[t]o impose sanctions under the court's inherent power, the court must find bad faith." *Ginsberg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.)*, 570 F.3d 1257, 1273-74 (citing *In re Walker*, 532 F.3d at 1309). As explained above, there is insufficient evidence in the record to support a finding that McCauley acted in bad faith or was willfully abusive in *this* proceeding, thus there is no basis to award Powell attorney's fees under § 105.

### III.     CONCLUSION

Nondischargeability proceedings are subject to the American rule that parties bear their own fees and costs. The rules and statutes applicable here impose high standards for findings of bad faith and egregious conduct. The record in this proceeding does not indicate that McCauley's conduct in filing and prosecuting her complaint meets those high standards. Additionally, the lack of a bill of costs makes it impossible to award costs at this juncture. Accordingly, it is

**ORDERED** that the *Motion for Attorney's Fees and Costs* (Doc. 43) is **DENIED** with respect to any request for attorney's fees; and it is further

**ORDERED** that Powell shall file an itemized bill of costs detailing the costs incurred by Powell in connection with the deposition transcripts within ten (10) days of the entry of this Order, and McCauley shall file any response to the bill of costs within ten (10) days of its filing. Should

Powell file a bill of costs, the Court will enter an order allowing or disallowing such costs; if no bill of costs is filed Powell's *Motion for Attorney's Fees and Costs* shall stand denied.

The Clerk of Court is directed to serve a copy of this Order on McCauley, McCauley's counsel, Powell, and Powell's counsel.

**END OF DOCUMENT**